IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02235-TPO

JUDI B. ATWOOD,

    Plaintiff,

v.

ISKRA L. IVANOVA,
CLARA A. WILBRANDT, and
EDWARD C. BUDD,

    Defendants.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling Conference in this case was held on April 3, 2025, at 2:00 p.m. with the parties appearing in person and telephonically. Laura B. Wolf appeared through the FLAP program for Plaintiff. Timothy Walsh appeared for Defendant Wilbrandt. Emma Knight appeared on behalf of Defendant Dr. Budd. Matthew Gardner appeared on behalf of Defendant Ivanova. The Parties will be represented in this case as follows:

**For Plaintiff:**
Judi B. Atwood, representing herself

**For Defendant Clara Wilbrandt:**
Timothy Walsh
NATHAN DUMM & MAYER, P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone; (303) 691-3737
Facsimile: (303) 757-5106

**For Defendant Iskra Ivanova**:
Matthew Gardner, esq. , Gardner Legal Services, LLC – Limited Scope Representation: preparing and filing a response to Plaintiff's Complaint, including a Motion to Dismiss, Reply for Same Motion, and Answer (if required) to the Complaint, and related deadlines and attendance for the Scheduling Conference scheduled for April 3, 2025. Thereafter, *pro se*

**For Defendant Dr. Edward Budd:**
Chad Gillam, Jared Ellis, and Emma Knight
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
(303) 628-3300

## 2. STATEMENT OF JURISDICTION

This case was filed in the United States District Court for the District of Colorado on August 13, 2024, under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as it arises under 42 U.S.C. § 1983, asserting violations of the Plaintiff's constitutional rights under the Fourteenth Amendment. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as they are so closely related to the federal claims that they form part of the same case or controversy.

This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and (4), as Plaintiff seeks redress for the deprivation of her civil rights. Plaintiff's request for attorneys' fees and costs is conferred under 42 U.S.C. § 1988(b).

Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within Colorado, and the events and omissions giving rise to this action occurred within the State of Colorado.

Dr. Budd disputes that this Court has jurisdiction over Dr. Budd for the claims alleged against him in this action based on the doctrine of Quasi-Judicial Immunity.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**:

Plaintiff Judi B. Atwood brings this case against Defendants Iskra L. Ivanova, Clara A. Wilbrandt, and Edward C. Budd, alleging a coordinated effort to violate her constitutional rights, defame her character, and cause severe emotional and financial harm. Defendant Ivanova engaged

2

in a deliberate campaign of harassment, defamation, and invasion of privacy, motivated by malice and jealousy. This campaign resulted in the loss of Plaintiff's custodial rights, severe emotional distress, financial ruin, and irreparable harm to her familial bonds. Defendant Wilbrandt, an attorney, and Defendant Budd, a court-appointed professional, knowingly participated in this scheme, using their positions of trust and authority to further the harm against Plaintiff.

This lawsuit is brought under 42 U.S.C. § 1983 for violations of Plaintiff's Fourteenth Amendment rights, including due process and equal protection violations. Plaintiff also asserts state law claims for intentional infliction of emotional distress, defamation, harassment, invasion of privacy, and conspiracy to cause harm. Plaintiff alleges that Wilbrandt, acting as an attorney, and Budd, as a Parental Responsibility Evaluator, knowingly engaged in professional misconduct by introducing false evidence, breaching confidentiality, and manipulating court proceedings to advance the interests of Ivanova. Through this lawsuit, Plaintiff seeks to hold Defendants accountable for their actions, restore her reputation, and expose the systemic failures that allowed this misconduct to persist.

    b.    **Defendants**:

**Defendants Wilbrandt:**

Defendant Wilbrandt denies any violation of Ms. Atwood's constitutional rights has occurred, denies any liability for any tort claim, and denies Ms. Atwood is entitled to any damages. Defendant Wilbrandt is not a state actor and Ms. Atwood's claims against her, filed under 42 U.S.C. § 1983, fail for that reason alone. Ms. Atwood also fails to state any cognizable claim for relief and has filed her suit outside of the relevant statute of limitations. Ms. Atwood's claims are entirely frivolous and should be dismissed.

**Defendant Ivanova:**

Defendant Ivanova denies any coordinated effort to violate Atwood's constitutional rights,

3

defame her character, or cause her severe emotional or financial harm. Defendant Ivanova did not engage in a deliberate campaign of harassment, defamation, or invasion of privacy. Defendant Ivanova participated in state court actions, the majority of such actions being state court domestic relations matters related to parental rights of Ms. Ivanova's biological son. Defendant Ivanova denies Atwood's claims for liability and denies all claims by Atwood of damages.

**Defendant Dr. Budd:**

Dr. Budd denies that he violated Ms. Atwood's constitutional rights or otherwise acted unlawfully or unprofessionally as alleged in this action.  Dr. Budd is entitled to dismissal of Plaintiff's claims against him, because Dr. Budd is absolutely immune from Plaintiff's claims arising from his services as a quasi-judicial officer or agent of the courts.  Furthermore, accepting her allegations as true, Plaintiff fails to state any plausible claim for relief against Dr. Budd in this action, and her claims must therefore be dismissed pursuant to F.R.C.P. 12(b)(6).  Finally, Plaintiff's claims are barred by the applicable statute of limitations for claims presented pursuant to 42 U.S.C. § 1983.

## 4.   UNDISPUTED FACTS

The following facts are undisputed:

**a.     The following facts are undisputed:**

1. Defendant Clara A. Wilbrandt is a licensed attorney practicing in Colorado.

2. Defendant Dr. Budd was the court-appointed Parental Responsibilities Evaluator ("PRE") for the custody dispute matter involving Defendant Iskra Ivanova and non-party William Beltz.

3. Plaintiff was in a romantic relationship with William Beltz, who shares a child with Defendant Ivanova.

## 5.  COMPUTATION OF DAMAGES

      a.    Plaintiff: Plaintiff claims actual economic losses of at least $2,500,000, representing lost income, extensive legal fees, medical expenses incurred due to severe psychological distress, loss of housing stability, and financial hardship resulting from Defendants' malicious and coordinated actions. Plaintiff also seeks compensatory damages, including but not limited to loss of familial association, severe psychological trauma, emotional distress, reputational harm, public humiliation, and loss of enjoyment of life, in an amount to be determined at trial.

Plaintiff further seeks punitive damages for all claims allowed by law, to deter future misconduct and hold Defendants accountable for their deliberate and egregious violations of Plaintiff's constitutional rights and malicious interference with her parental rights and reputation. Additionally, Plaintiff seeks attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other legally recoverable damages, including equitable relief to rectify the harm caused by Defendants' actions.

With regard to non-economic compensatory damages as well as punitive damages, Plaintiff anticipates a seven-figure award from jurors to compensate for the emotional and psychological harm inflicted by Defendants and to punish them for their reckless and unlawful conduct. Defendants intentionally falsified evidence, engaged in defamation, conspired to obstruct justice, and inflicted severe emotional distress, causing Plaintiff to lose her children, suffer from life-threatening stress-related health conditions, and endure years of financial and emotional hardship. Due to the complex and lasting impact of these damages, any award will be determined by the jury at trial, following a full presentation of the evidence.

Plaintiff will also seek all further relief to which she is entitled, as outlined in the Prayer for Relief in the operative pleading. Plaintiff reserves the right to supplement her disclosures should

additional losses or damages be identified, including any determined through expert testimony or further evidence presented at trial.

    b.    **Defendants:**

Defendant Wilbrandt does not seek damages at this time but reserves the right to seek costs and attorney's fees.

Defendant Ivanova does not seek damages at this time but reserves the right to seek costs and attorney's fees.

Defendant Dr. Budd does not seek damages at this time but reserves the right to seek costs and attorney's fees. Dr. Budd objects to Plaintiff Atwood's claim for punitive damages as identified in her Computation of Damages as premature.

    6.    **REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(f)**

    a.  **Date of Rule 26(f) Conferral Meeting**

The Fed. R. Civ. P. 26(f) meeting is scheduled to be held on Monday March 24, 2025 at 3:30pm.

    b.  **Names of each participant and party he/she represented.**

The following counsel participated in the meeting: Laura B. Wolf representing Plaintiff under the FLAP program. Matthew Gardner representing Defendant Ivanova. Emma Knight appeared on behalf of Defendant Dr. Budd.

    c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The Parties propose a deadline to exchange initial disclosures on or before April 17, 2025, with subsequent supplementation as needed. The Parties agree to exchange all documents identified in their disclosures at the time of service of the disclosures. Insofar as any documents

cannot be produced based on privilege or privacy protections, the disclosing party will identify the documents and the basis for their withholding.

Notwithstanding, Dr. Budd objects to further discovery taking place until the Court rules on the Motion to Dismiss as requested in Defendants' Motion to Stay Proceedings.

    **d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

There are no proposed changes in requirements of disclosures under Fed. R. Civ. P. 26(a)(1) except insofar as the parties agree that they are bound by the Court's Practice Standards.

    **e. Statement concerning any agreements to conduct informal discovery:**

The Parties have not reached any specific agreement to conduct informal discovery, but they are working together to address discovery matters and commit to doing so in good faith throughout this case. Defendants Wilbrandt and Budd object to any informal discovery.

    **f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

    (1)    The Parties have agreed to use a unified exhibit numbering system.

    (2)    The Parties agree to produce all evidence identified in their initial and supplemental disclosures without a separate request for production.

    (3)    The Parties agree that insofar as they supplement or amend any disclosures or written discovery responses, the Parties will endeavor to reproduce the entire set of disclosures or written discovery responses, with the new information added in bold font, redlining, or other such clear designation, so as to create a single document that contains all original information and all supplemental information in the last-served supplemental/amended document. This paragraph does not require the re-production of previously produced Bates marked documents.

  (4) The Parties agree that any documents provided in disclosures, supplemental disclosures, or in response to discovery will be consecutively Bates-stamped with identification of which Party produced the document.

  (5) The Parties agree to take all reasonable steps to reduce discovery and reduce costs.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties have discussed possible sources of electronically stored information ("ESI") at the Rule 26 conferral. The Parties agree to produce documents in PDF format for standard document files and in native format for documents in which native format is necessary or preferable for review (ex: Excel spreadsheets, video and audio files, PowerPoint files), and they agree to confer in good faith in the event a party wishes to receive ESI in a different format or wishes to receive metadata.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties discussed potential resolution. Defendants Budd, Ivanova, and Wilbrandt will await ruling on the motions to dismiss prior to engaging in potential settlement discussions.

### 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

"Per side" as used below refers to Plaintiff as being one side and to Defendants, collectively, as the other side. "Per party" refers to each party separately.

  . The Parties propose a limit of two fact-witness depositions per party, excluding parties and retained experts, up to the time limits set forth in the Federal Rules of Civil Procedure.

8

Each deposition shall be limited to one day of seven (7) hours, as provided under Fed. R. Civ. P. 30(d)(1), unless otherwise stipulated or ordered by the Court.

.       The Parties propose the following: the Plaintiff can propound 25 interrogatories on each Defendant, and each Defendant can propound 25 interrogatories on Plaintiff, including discrete subparts, as set forth in Fed. R. Civ. P. 33(a)(1), unless otherwise stipulated or ordered by the Court.

.       The Parties propose the following: the Plaintiff can propound 25 requests for production on each Defendant, and each Defendant can propound 25 requests for production on Plaintiff, unless otherwise stipulated or ordered by the Court.  Each request shall comply with Fed. R. Civ. P. 34, including specificity requirements and response deadlines.

.       The Parties propose the following: the Plaintiff can propound 25 requests for admission on each Defendant, and each Defendant can propound 25 requests for admission on Plaintiff, unless otherwise stipulated or ordered by the Court.  Requests for admission relating to the authenticity of documents shall not be counted toward this limit, as permitted under Fed. R. Civ. P. 36(a)(1)(B).

.       The Parties agree to work together in good faith should they believe they need any additional discovery beyond the limitations set forth herein.

9.   **CASE AND PLAN SCHEDULE**

a.   Deadline for Joinder of Parties and Amendment of Pleadings, including designation of non-parties at fault insofar as such procedural rule applies in this case: June 3, 2025.

b.   Discovery Cut-off: December 15, 2025

c.   Dispositive Motion Deadline: January 30, 2026

d.   Expert Witness Disclosure: Affirmative Expert Witness Disclosures Due: September 15, 2025. Rebuttal Expert Witness Disclosures Due: October 13, 2025.

1.   **Anticipated fields of expert testimony:**

Plaintiff's Statement as to Retained Experts: Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiff anticipates utilizing volunteer and community-based expert resources in the fields of forensic psychology, legal ethics, trauma assessment, financial damages, law enforcement, cybersecurity, and judicial accountability. Plaintiff intends to present testimony from advocacy organizations, academic institutions, professional networks, and subject matter experts to provide insight into the legal, psychological, financial, and systemic issues relevant to this case.

These experts will offer analysis on transparency, due process, and adherence to ethical standards in family law proceedings, ensuring a comprehensive examination of the misconduct and procedural violations at issue. Plaintiff reserves the right to supplement expert disclosures in accordance with Fed. R. Civ. P. 26(e) as additional evidence and resources become available.

Additionally, Plaintiff intends to present expert testimony and supporting documentation regarding the Canadian Embassy's treatment of Canadian citizens residing in the United States who encounter legal injustices. Plaintiff anticipates retaining diplomatic, human rights, and international legal experts to analyze the lack of adequate intervention, consular protection, and advocacy for Canadian nationals subjected to judicial misconduct and systemic violations of due process in the U.S. legal system.

Plaintiff reserves the right to supplement expert disclosures in accordance with Fed. R. Civ. P. 26(e) based on the availability of pro bono resources, governmental responses, and additional evidence obtained during discovery.

Defendants' Statement as to Retained Experts:

Defendant Wilbrandt does not presently intend to retain any expert other than rebuttal experts.

Defendant Ivanova does not presently intend to retain any expert other than rebuttal experts.

Defendant Budd may retain an expert specific to Parental Responsibility Evaluation standards and proper procedure; damage experts including an economists or vocational specialists and/or a psychological or psychiatric expert to perform a Rule 35 examination based on Plaintiff's claim for emotional distress; and any expert necessary to rebut those experts disclosed by Plaintiff.

The parties are not precluded from endorsing experts in other fields if required based on evidence and testimony produced during discovery.

> **2.    Limitations which the parties propose on the use or number of expert witnesses.**

Plaintiff proposes a limit of seven (7) retained experts per party, not including rebuttal experts. Defendant Wilbrandt proposes a limit of two (2) retained experts per party. Defendant Ivanova proposes a limit of two (2) retained experts per party. Defendant Dr. Budd also proposes a limit of two (2) retained experts per party. The Parties propose rebuttal expert limitations of one rebuttal expert in response to each affirmative retained expert.

3. The Parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 15, 2025.

4. The Parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 13, 2025.

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the Parties unless the stipulation is in writing and approved by the court.

e.    Identification of Persons to Be Deposed:

Preliminary List of Plaintiff's Depositions:

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Defendant Ivanova | 7 hours |
| Defendant Willbrandt | 7 hours |
| Defendant Budd | 7 hours |

| Additional witnesses TBD | 7 hours |
|---|---|
| Plaintiff Atwood | 7 hours |
|  |  |
|  |  |

.       **Deadline for Interrogatories:**  Interrogatories must be served on the opposing party no later than forty-five (45) days before the discovery cutoff date, or **October 31, 2025**. Responses to the same are due as required by Fed. R. Civ. P. 6(d) and 33(b)(2).

.       **Deadline for Requests for Production of Documents and/or Admissions:**  Requests for Production of Documents and Requests for Admissions must be served on the opposing party no later than forty-five (45) days before the discovery cutoff date, or **October 31, 2025**. Responses to the same are due as required by Fed. R. Civ. P. 6(a) and 34(b)(2).

### 10.    DATES AND FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____

_____

_____

b.      A final pretrial conference will be held in this case on _____ at _____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11.    OTHER SCHEDULING MATTERS

a.      Except for the edits discussed above, there are no discovery or scheduling issues on which counsel were unable to reach an agreement.

b.      Plaintiff has previously requested production of information sealed by the domestic relations court in an action to which Plaintiff is not, herself, a party.  To the extent that production of the PRE report sealed in Case No. 2012DR22 is discoverable in this action, Dr. Budd requests instruction by this Court on proper production, including appropriate party approval.

12

  c. Defendants have filed motions to dismiss and anticipate filing motions to stay discovery pending the outcome of those motions to dismiss. Should the court grant and later lift a stay, defendants anticipate many of the proposed deadlines in this order will require amendment.

  c. If this case proceeds to trial, the Parties anticipate a seven (7) day jury trial. Plaintiff has requested a trial by jury in her complaint.

  c. There are no pretrial proceedings that the Parties believe may be more efficiently or economically conducted in any of the District Court's facilities outside of Denver, Colorado.

### 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been contemporaneously served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar with and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of _____ 2025.

BY THE COURT:

_____
Hon. Timothy P. O'Hara
Magistrate Judge

**SCHEDULING ORDER REVIEWED:**

**For Plaintiff, via FLAP:**

<u>s/ Laura B. Wolf</u>
Laura B. Wolf
Spark Law Justice LLC
3435 S. Inca St., Suite C-113
Englewood, CO 80110
(303) 802-5390
laura@spark-law.com

<u>s/ Timothy Walsh</u>
**For Defendant Clara Wilbrandt:**
Timothy Walsh
NATHAN DUMM & MAYER, P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone; (303) 691-3737
Facsimile: (303) 757-5106
twalsh@ndm-law.com

<u>s/ Emma Knight</u>
**For Defendant Dr. Edward Budd:**
Chad Gillam, Jared Ellis, and Emma Knight
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
(303) 628-3300
Gillamc@hallevans.com
ellisj@hallevans.com
Knighte@hallevans.com