IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02235-TPO

JUDI B. ATWOOD,

Plaintiff,

v.

ISKRA L. IVANOVA,
CLARA A. WILBRANDT, and
EDWARD C. BUDD,

Defendants.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before the Court upon Defendant Budd's Motion for Attorney Fees [ECF 109] and Defendant Wilbrandt's Motion for Attorney's Fees [ECF 123]. Plaintiff responded to both Motions, ECFs 111 & ECF 126, and Defendants replied, ECFs 112 & 131. Oral argument would not materially assist the Court in adjudicating the Motions. *See* D.C.COLO.LCivR 7.1(d). For the reasons stated below, the Motions are denied.

**BACKGROUND**

This Court recounted the relevant facts of the present case in detail as part of a prior Order. *See* ECF 119 at 2-8. In essence, the lawsuit relates to the "complicated domestic situation" involving Plaintiff, Plaintiff's boyfriend (Mr. William Beltz), Plaintiff's boyfriend's ex-wife (Defendant Ivanova), and their respective children. *Id.* at 2. Plaintiff alleges that the Defendants, "participated in a 'calculated conspiracy to inflict severe emotional distress and irreparable harm

upon Plaintiff.'" *Id*. (citing ECF 1 ¶ 1).

After Plaintiff filed the original Complaint, ECF 1, she has sought the Court's leave to amend twice, ECFs 85 and 121. The Court has now denied both of Plaintiff's attempts to amend, noting both times that amendment would be futile. *See* ECFs 119, 132. She also sought to disqualify counsel for Defendant Budd, alleging that there was a conflict of interest based on a prior lawsuit filed by Plaintiff against another Parental Responsibility Evaluator (PRE). ECFs 103 and 110.

## SUMMARY OF ARGUMENTS

*Defendant Budd's Motion*

Defendant Budd seeks attorney's fees under Fed. R. Civ. P. 11 based on Plaintiff's Motion seeking to disqualify Hall & Evans, LLC as counsel for Defendant Budd. *See* ECF 103 at 1. He argues that the Motion was "contrary to the requirements of binding Tenth Circuit precedent." ECF 109 at 2. He notes that defense counsel advised Plaintiff that her motion lacked merit and warned her that if she persisted with the Motion, Defendant Budd would seek attorney's fees. *Id*. at 2. Instead of withdrawing the Motion, however, Plaintiff doubled down and "sent email correspondence to numerous third-parties who are not involved in this litigation, including the United States and Colorado Attorney General's Office and the Office of Attorney Regulation Counsel suggesting Dr. Budd's counsel was trying to 'bully' Plaintiff and asking these third-parties to somehow enforce curative measures against Dr. Budd and his counsel that Plaintiff is not entitled to under the controlling law." *Id*. at 3. He asks that the Court order Plaintiff to pay $1,817.00 in fees for having to respond to Plaintiff's frivolous motion. *Id*. at 8.

In response, Plaintiff opposes Defendant Budd's Motion. ECF 111. Plaintiff first discusses

the legal fees that *she* has expended to litigate her claims against the entities responsible for a "continuous pattern of misconduct by Parental Responsibilities Evaluators (PREs) and their counsel at Hall & Evans, extending back more than a decade." *Id*. at 1. Plaintiff argues that her claims are not frivolous and that indigent litigants should be spared from fee awards. *Id*. at 2-3 (citations omitted).

*Defendant Wilbrandt's Motion*

Defendant Wilbrandt brings a similar motion for Attorney's Fees but bases her request on Plaintiff's Motion for Leave to File Second Amended Complaint [ECF 121]. *See* ECF 123. Defendant Wilbrandt alleges that the Court specifically advised Plaintiff to follow the rules relating to amendment and warned her of the risk in filing claims with no legal merit, even referencing Fed. R. Civ. P. 11 in the Order. *See* ECF 123 at 2 (citing ECF 119 at 26-27). According to Defendant Wilbrandt, Plaintiff failed to heed the Court's warnings in several ways: by failing to confer with opposing counsel, by failing to follow the local rule relating to attaching red-lined versions of the complaint, and once again by bringing frivolous claims as part of her proposed Second Amended Complaint. *Id.* at 3-6.

Plaintiff opposes this Motion as well. ECF 126. Among other arguments, Plaintiff alleges that Defendant Wilbrandt failed to meaningfully confer[1] in the filing of the Motion for Attorney's Fees and has refused to confer with Plaintiff in writing. *Id*. at 2-4.

---

[1] The Court notes that Plaintiff is mistaken about what constitutes meaningful conferral in the District of Colorado. As noted in the Uniform Civil Practice Standards for United States Magistrate Judges, and as referenced by defense counsel in ECF 123-2, meaningful, "good faith" conferral "generally require[s] meeting either face to face, over video conference, or by telephone, and not solely through email or written correspondence." D.C.COLO.MJ § V.1.

## ANALYSIS

*Fed. R. Civ. P. 11*

In order for Rule 11's fee provision to be triggered, it requires that the party seeking fees follow a particular procedure. First, the party must prepare a motion and describe the specific conduct that violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). Then the party must serve the motion on the allegedly offending party. *Id.* And the moving party must wait 21 days after service of the motion on the offending party before filing the motion, to allow the offending party an opportunity to withdraw or correct the offending pleading. *Id.* When these steps are not followed, no Rule 11 sanctions may be imposed. *See Halvorsen v. Cox*, No. 25-cv-00909-HCN-JCB, 2026 WL 185752, at *1 (D. Utah Jan. 23, 2026) ("Because Plaintiffs failed to serve their motion for Rule 11 sanctions on Defendants prior to filing it, the court cannot impose Rule 11 sanctions against Defendants' counsel."). The Tenth Circuit requires "strict adherence to the safe-harbor provision of Rule 11(c)(2)." *Id.* at *2 n.7 (citing *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012) ("This court has held that it is an abuse of discretion to grant Rule 11 sanctions if the defendant did not comply with the safe-harbor provision."); *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006) (same)).

Here, neither Defendant has provided sufficient information to demonstrate compliance with the requirements of Rule 11(c)(2). Defendants' Motions identify Plaintiff's problematic filings, but Defendants' Motions fail to demonstrate their compliance with the safe-harbor provision of Rule 11(c)(2). Therefore, both defense motions fail to allow for Rule 11's opportunity for Plaintiff to cure. It is true that this Court in its Order advised Plaintiff of Fed. R. Civ. P. 11(c). ECF 119 at 24. However, this Court does not consider that general reminder about Rule 11

sufficient to satisfy Rule 11's specific safe harbor prerequisite.

This is not to say that the Court is not sympathetic to the Defendants' plight. The Court ruled in the Defendants' favor as it relates to the Motions to Disqualify [ECFs 103 and 110] and the Motion for Leave to Amend [ECF 121], in the former finding that Plaintiff failed to even demonstrate the most basic foundational element to a Motion to Disqualify based on a conflict of interest with a former client, *see* ECF 133 at 5, and in the latter finding that Plaintiff largely recycled claims that the Court already rejected, *see* ECF 132 at 8-10, 13-14. However, the equitable nature of Defendants' Motions cannot override their procedural deficiency on this ground.

## CONCLUSION

This Court declines to grant Defendants request for attorneys' fees under either Rule 11 or its inherent authority. This ruling nevertheless puts Plaintiff on notice that Defendants may renew such a request for attorneys' fees should Plaintiff file another motion or reinitiate this lawsuit against the Defendants about the same subject matter, and should such conduct violate Plaintiff's obligations under Rule 11(b).

For the reasons explained herein, it is **ORDERED** that Defendant Budd's Motion for Attorney's Fees [ECF 109] is **DENIED** and Defendant Wilbrandt's Motion for Attorney's Fees [ECF 123] is also **DENIED**.

SO ORDERED.

DATED at Denver, Colorado, this 22nd day of September, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge